Matter of Furber (2025 NY Slip Op 04786)

Matter of Furber

2025 NY Slip Op 04786

Decided on August 27, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.

2023-06473

[*1]In the Matter of William James Furber III, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; William James Furber III, respondent. (Attorney Registration No. 5082169)

The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Third Judicial Department on December 6, 2012. By order to show cause dated December 21, 2023, this Court, pursuant to 22 NYCRR 1240.12(c)(3)(iii), directed the respondent to show cause at a hearing before a Special Referee why a final order of suspension, censure, or disbarment should not be made based on his conviction on January 24, 2023, of driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(3), an unclassified misdemeanor.

Courtny Osterling, White Plains, NY, for petitioner.
Frankfurt Kurnit Klein & Selz, P.C., New York, NY (Tyler Maulsby and Khasim K. Lockhart of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
By affirmation dated July 25, 2023, on notice to the respondent, the Grievance Committee for the Ninth Judicial District advised this Court of the respondent's criminal conviction. By order to show cause dated December 21, 2023, this Court, pursuant to 22 NYCRR 1240.12(c)(3)(iii), directed the respondent to show cause at a hearing before the Honorable Arthur J. Cooperman, as Special Referee, why a final order of suspension, censure, or disbarment should not be made based on the respondent's conviction of driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(3). After a hearing conducted on February 28, 2024, the Special Referee filed a report dated May 14, 2024, setting forth his findings and concluding that the respondent had not demonstrated why a final order of suspension, censure, or disbarment should not be made. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as this Court deems just and proper. The respondent cross-moves to disaffirm the Special Referee's report and direct the Grievance Committee to issue a private admonition or, in the alternative, to impose a sanction no greater than a public censure. The Grievance Committee opposes the cross-motion.
On September 17, 2021, at approximately 10:28 p.m., a bystander observed the respondent's vehicle to be in a single-vehicle accident and called the 911 emergency number. Police arrived on scene and observed the respondent's vehicle to be damaged, with the air bags deployed, and further observed the respondent to be with his minor daughter (hereinafter the daughter), who was a passenger in the vehicle. While approaching the respondent, the police smelled an odor of alcohol emanating from the respondent's breath and observed that the respondent had slurred speech and watery eyes and appeared confused and dazed. The respondent informed the police on scene that he was a former Manhattan Assistant District Attorney and that he had had one drink. The respondent denied having any injuries, but the daughter complained of pain to her head and arm and [*2]appeared to be in shock. The daughter was seen by emergency medical services personnel on scene and was released to the custody of her mother, who arrived on scene after the accident and refused medical attention on the daughter's behalf.
The police determined that the respondent drove his vehicle eastbound on Hillside Road, drifted to the left side of the road, and struck a large tree, which caused the vehicle to spin to face southbound and strike a curb. The police administered a field sobriety test to the respondent, and he performed poorly. The respondent subsequently refused to give a breath test sample for the portable breath test and was arrested.
Following his arrest, the respondent was charged with violating: (1) Vehicle and Traffic Law § 1192(2-a)(b) (aggravated driving while intoxicated with a child, a felony); (2) Vehicle and Traffic Law § 1192(3) (driving while intoxicated, a misdemeanor); (3) Penal Law § 260.10(1) (acting in a manner injurious to a child less than 16, a misdemeanor); and (4) Vehicle and Traffic Law § 1194(1)(b) (refusal to take a breath test, a traffic infraction).
The respondent was subsequently charged by Superior Court Information (SCI) No. 72584/22 in the Supreme Court, Westchester County, with one count of aggravated driving while intoxicated with a child, in violation of Vehicle and Traffic Law § 1192(2-a)(b), a felony, and driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(3), an unclassified misdemeanor. On January 24, 2023, the respondent pleaded guilty to count two of the SCI, driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(3). The respondent was placed on interim probation, which included the following conditions: being barred from driving, continued compliance with any treatment he was engaged in, 50 hours of community service, a Mothers Against Drunk Driving impact panel, an alcohol monitoring device, and completion of a parenting skills program. The respondent's sentencing was adjourned to January 23, 2024, for the respondent to satisfy the conditions of the plea.
On December 21, 2023, this Court issued an order to show cause directing the respondent to show cause at a hearing before the Special Referee why a final order of suspension, censure, or disbarment should not be made based on the respondent's criminal conviction in Westchester County.
On January 23, 2024, the respondent was sentenced to a period of three years of probation, with credit for one year served, a $500 fine, driver license revocation for a period of six months, the installation of an ignition interlock device, 150 hours of community service, which the respondent completed prior to sentencing, and completion of the Impaired Drivers Program.
At the hearing before the Special Referee, the respondent testified that he had always wanted to go to law school and that he sought to serve the public, having worked as an Assistant District Attorney for approximately nine years before leaving for private practice. As to his arrest, he was ashamed and filled with regret regarding his actions.
After the respondent's arrest, he began alcohol counseling and was diagnosed with minor alcohol use disorder. He was treated once weekly from October 2021 through October 2022, and despite completing treatment, the respondent still sought weekly treatment with the counselor. The respondent further testified that he attended an alcohol accountability group, You Are Accountable, and worked with a counselor on goal setting and implementation. The respondent further sought treatment from a psychiatrist, who diagnosed the respondent with low-level anxiety and prescribed him medication, and the respondent continued to seek treatment from that psychiatrist.
After his arrest, the respondent volunteered with a food pantry in Port Chester for approximately a year and a half, at which point he joined the board of directors for the organization that operated the food pantry. The respondent, as part of his sentence, was ordered to perform 150 hours of community service; however, by the end of the first year of his interim probation, he had completed 180 hours of service with the food pantry.
The respondent testified that he had not had a drink of alcohol since the night of the incident and that he no longer drank alcohol. The respondent further testified that this incident led to an investigation by Child Protective Services, but the ultimate result of that investigation was a "no finding."
The respondent admitted that while many of the actions he took after his arrest were voluntary, he was aware that the actions would be favorable with respect to the resolution of his criminal matter and that his activities were reported to the Westchester County District Attorney's Office in relation to negotiating a plea agreement. Further, the respondent admitted that despite the field test report from the night of the arrest indicating that the respondent advised the police he had had one drink, the respondent in fact had had 3½ drinks.
The respondent submitted character letters and had witnesses testify on his behalf as [*3]to his good character.
By report dated May 14, 2024, the Special Referee found and concluded that the respondent had not demonstrated why a final order of suspension, censure, or disbarment should not be made based on his criminal conviction.
The Grievance Committee now moves to confirm the Special Referee's report. The respondent cross-moves to disaffirm the Special Referee's report and direct the Grievance Committee to issue a private admonition or, in the alternative, to impose a sanction no greater than a public censure.
Findings and Conclusion 
We find that the Special Referee properly concluded that the respondent failed to meet his burden of establishing why this Court should not issue a final order of suspension, censure, or disbarment based on his conviction of Vehicle and Traffic Law § 1192(3) on January 24, 2023. In view of the evidence adduced, the Grievance Committee's motion to confirm the Special Referee's report is granted. The respondent's cross-motion is denied.
In determining an appropriate measure of discipline, this Court considered, inter alia, the respondent's history of civil service, his remorse, the efforts made to rectify the consequences of his conviction, and the substantial character evidence presented. Nevertheless, the respondent made the decision to drive while intoxicated, with his minor daughter in the vehicle, causing the respondent's vehicle to drift to the side of the road and strike a tree, which then spun his vehicle, causing it to strike a curb.
Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of six months.
LASALLE, P.J., DILLON, DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent's cross-motion is denied; and it is further,
ORDERED that the respondent, William James Furber III, is suspended from the practice of law for a period of six months, commencing September 26, 2025, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than February 26, 2025. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension, he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), and (3) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, William James Furber III, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id. ); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, William James Furber III, shall desist and refrain from (l) practicing law in any form, either as principal or agent, clerk, or employee of another; (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority; (3) giving to another an opinion as to the law or its application or any advice in relation thereto; and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, William James Furber III, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court